IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.B. HUNT TRANSPORT, INC.,** : | CIVIL ACTION NO. 1:11-CV-1751 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **LIVERPOOL TRUCKING COMPANY,** : | |
| **INC.,** : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

Presently before the court is defendant Liverpool Trucking Company's ("Liverpool") Motion to Remand to State Court or to Stay (Doc. 16) the above-captioned action.  Liverpool contends that the court lacks proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000.  Liverpool, therefore, requests this matter to be remanded to state court, or, in the alternative, stayed pending the resolution of two state workers' compensation claims.  For the reasons that follow, the court will deny the motion.

**I.     Statement of Facts and Procedural History**

This case stems from an Outsource Carrier Agreement ("Agreement") between J.B. Hunt Transport, Inc. ("J.B. Hunt") and Liverpool dated February 29, 2008.  (See Doc. 15, Ex. A).  Pursuant to the Agreement, Liverpool contracted to perform certain transportation services for J.B. Hunt.  (Id.).  Within the Agreement's extensive provisions, Section 2.1 establishes Liverpool's role as an

"independent contractor." (Id.).  Pursuant to Section 2.2 Liverpool agreed to "assume[] full responsibility and liability for the payment of . . . worker's compensation . . . with respect to persons engaged in the performance of said transportation services."  (Id.)

On February 29, 2008, J.B. Hunt and Liverpool executed a Hold Harmless Covenant for Workers' Compensation ("Covenant").  (Doc. 15, Ex. B).  Signed and dated by Liverpool management, the Covenant specifies that "no certificate evidencing workers' compensation and employers' liability coverage will be furnished to Hunt" due to an exemption from coverage provided by state and federal law.  (Id.).  The Covenant also states that Liverpool agrees to fulfill the Agreement's terms and conditions regarding the procurement of workers' compensation should it not be exempt from coverage.  (Id.).  Finally, the Covenant states that, absent obtaining the required coverage, Liverpool "assumes full and complete responsibility for compensation of any and all work-related injury occurring to any of its personnel during the term of the Agreement."  (Id.).

On August 16, 2010, Awad Idries ("Idries") was operating a truck for Liverpool.  (Doc. 15 ¶ 13, Ex. C).  In the course of two deliveries for J.B. Hunt customers, Idries was involved in a motor vehicle accident resulting in the loss of his left arm.  (Id. at ¶ 14).  On April 13, 2011, Idries filed a Claim Petition with the Commonwealth of Pennsylvania Bureau of Workers' Compensation ("Bureau"), seeking benefits and listing J.B. Hunt as his statutory employer.  (Doc. 15, Ex. E).  Idries claims that he is statutorily entitled to at least $78,620.  (Doc. 15 ¶ 28).  J.B.

2

Hunt also claims that it has expended $6,000 in legal fees in defending the workers' compensation claim. (Id. at ¶ 29).

On May 14, 2011, Dane Merritt ("Merritt") was operating a truck for Liverpool. (Doc. 15 ¶ 16, Ex. F). Like Idries, Merritt was making deliveries for J.B. Hunt customers when he became involved in a motor vehicle accident resulting in several serious injuries.[1] On June 9, 2011, Merritt filed a Claim Petition with the Bureau, listing Liverpool as his statutory employer. (Doc. 15, Ex. G). Merritt claims lost wages totaling $365,000 and is seeking payment for medical bills and legal fees. (Doc. 15 ¶ 30, Ex. B). Thereafter, the Bureau's Uninsured Employer Guaranty Fund filed a petition for Joinder of Additional Defendant, J.B. Hunt, averring that J.B. Hunt is the statutory employer of Merritt pursuant to Section 302(a) of the Pennsylvania Workers' Compensation Act. (Doc. 15, Ex. H).

On September 20, 2011, J.B. Hunt instituted this action against Liverpool, invoking the court's diversity jurisdiction and alleging that Liverpool breached the Agreement with J.B. Hunt. (Doc. 1). On December 15, 2011, J.B. Hunt filed an amended complaint. (Doc. 15). J.B. Hunt seeks damages resulting from breach of contract and a declaratory judgment finding that Liverpool has an obligation to defend and indemnify J.B. Hunt in the workers' compensation matters. (Doc. 15 ¶ 32). On December 23, 2011, Liverpool filed the instant motion to remand the matter to state court, or, in the alternative to stay the suit pending resolution of the

---

[1] Merritt allegedly sustained "various injuries including concussion, headaches, facial contusions, and injuries to the cervical, thoracic and lumbar spine." (Doc. 15 ¶ 17; Ex. G).

3

claims before the Bureau. (Doc. 16). Liverpool argues that the matter in controversy will not exceed $75,000 as required in federal diversity cases. See 28 U.S.C. § 1332(a). The motion has been fully briefed and is ripe for disposition.

## II. **Standard of Review**

For a plaintiff to establish diversity jurisdiction, the amount in controversy must exceed $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). The United States Supreme Court established the prevailing standard by which federal courts must consider a challenge to the amount in controversy requirement:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). When applying this standard, federal courts must be certain that the jurisdictional threshold cannot be met before dismissal is appropriate. See, e.g., Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995); Nelson v. Keefer, 451 F.2d 289, 293 (3d Cir. 1971); Jaconski v. Avisun Corp., 359 F.2d 931 (3d Cir. 1966) ("[The test] is whether it appears to a 'legal certainty' that he cannot recover an amount above the jurisdictional minimum."). This inquiry involves "minimal scrutiny" of the plaintiff's claims without consideration of the "legal sufficiency of those claims or whether the legal theory advanced by the plaintiffs is probably unsound." Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).

**III.   Discussion**

With the above legal standard in mind, the court must review the complaint for failure to establish subject matter jurisdiction. The facts alleged in the complaint, taken as true, must be sufficient to invoke jurisdiction. Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994). In diversity cases, federal courts apply substantive law of the states where they sit. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). The relevant question, therefore, is whether J.B. Hunt has pleaded facts that would enable it to recover more than $75,000 under Pennsylvania law. Accord Suber v. Chrysler Corp., 104 F.3d at 584 (stating that, in a diversity case, the court must apply substantive state law to determine whether the amount in controversy requirement is satisfied).

**A.   Amount in Controversy Requirement**

Liverpool contends that the amount in controversy requirement has not been satisfied because recovery will be limited to attorneys fees and the amount awarded by the Bureau under Section 302(a) of the Pennsylvania Workers' Compensation Act. (Doc. 16, at 2). Liverpool asserts that the compensation awards and attorneys

fees will not exceed $75,000.[2]  (Doc. 17, at 1).  Section 302(a), codified at 77 P.S. § 461 (hereinafter "Section 302(a)"), provides, in pertinent part:

> A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act.  Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

77 P.S. § 461.  Section 302(a) further provides:  "a person who contracts with another . . . to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor."  Id.

Although Liverpool contends that the amount in controversy "will be" less than $75,000, (Doc. 17, at 1), this position is inconsistent with the standard set forth by the Supreme Court in St. Paul Mercury.  Dismissal is appropriate only when the court is *certain* that the jurisdictional threshold cannot be satisfied.  See St. Paul Mercury, 303 U.S. at 288-89.  Idries filed a claim—seeking benefits for the loss of his left arm, hand, and fingers, (Doc 15, Ex. E)—in which he advised the Bureau that he is statutorily entitled to receive at least $78,000. (Doc. 15 ¶ 28).  Likewise, Merritt

---

[2] The court must determine whether J.B. Hunt pleaded facts that conceivably would permit recovery exceeding $75,000.  Liverpool concedes in its brief that there is a possible scenario in which "Plaintiff's alleged damages would exceed the jurisdictional limit."  (Doc. 17, at 2).  Hence, Liverpool appears to have answered that question in the affirmative.  Notwithstanding Liverpool's statement, the court will review the alleged facts and applicable law to determine whether the diversity jurisdiction requirements have been satisfied.

advised the Bureau that he is statutorily entitled to receive approximately $365,000 based on lost wages alone. (Doc. 15 ¶ 30).

In its brief in opposition to Liverpool's motion, J.B. Hunt supports the alleged value of the two workers' compensation claims filed by Idries and Merritt by referencing specific provisions in the Pennsylvania Workers' Compensation Act. For instance, J.B. Hunt states that "Idries is statutorily entitled to receive compensation for the loss of an arm in the amount of 'sixty-six and two-thirds per centum of wages during four hundred ten weeks' . . . . an additional twenty weeks for a 'healing period' . . . . [t]herefore, at a minimum, Idries is statutorily entitled to compensation in the amount of $78,620." (Doc 16, at 4-5 (citing Sections 306(c)(3) and 206(c)(25) of the Pennsylvania Workers' Compensation Act, codified at 77 P.S. § 513(3) and 77 P.S. § 513(25), respectively)). It is not the court's role at this stage to determine the legal sufficiency of these claims. Rather, the court must use "minimal scrutiny" to determine whether J.B. Hunt could conceivably recover more than $75,000. <u>See, e.g.</u>, <u>Suber</u>, 104 F.3d at 583.

After considering the <u>St. Paul Mercury</u> standard and the facts alleged in the complaint, the court concludes that J.B. Hunt has met the amount in controversy requirement as required by 28 U.S.C. § 1332(a).[3]

---

[3] Since the time of filing of Liverpool's Motion to Remand to State Court or Stay the Action, a decision has been rendered in the workers' compensation action filed by Idries. (Doc. 21, at 2). Judge Karl Baldys ruled that J.B. Hunt is the statutory employer of Idries through the contract with Liverpool. (Doc. 21, Ex. A, at 21). In addition, Judge Baldys ruled that J.B. Hunt is liable for Liverpool's share—that is, 50 percent—of the determined liability. (<u>Id.</u>). Another company, Fuel City Truck Stop Inc., has been found to be liable for the remaining 50 percent of determined liability. (<u>Id.</u>).

**B.      Staying the Proceeding**

The other issue for the court to consider is whether this matter should be stayed pending resolution of the workers' compensation claims.  Without providing legal or factual support for its contention, Liverpool argues that the matter should be stayed pending the Bureau's determinations.  (See Doc. 16, at 3; Doc. 17, at 4).  By contrast, J.B. Hunt contends that the matter should not be stayed because the instant action relates solely to the Agreement between the parties and is entirely separate from the workers' compensation matters.  (Doc. 18, at 6).

The United States Supreme Court has provided clear guidance to lower courts on appropriate circumstances for a stay of proceedings.  See, e.g., Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay any proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants.").  Although federal courts have such authority, a stay is an extraordinary measure that is only justified in "exceptional circumstances."  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).  See also United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994).

In determining whether to stay proceedings, federal courts must carefully balance competing interests.  Landis, 299 U.S. at 254-55; Texaco, Inc. v. Borda, 383 F.2d 607, 608 (3d Cir. 1967).  It is well settled that, before a stay may be issued, the movant must demonstrate "a clear case of hardship or inequity," if there is "even a fair possibility" that a stay would work damage on another party.  Landis, 299 U.S.

at 255. Other considerations outlined by the Landis Court include (1) the reasonableness of the length of stay requested, id. at 257, and (2) whether the stay would simplify issues and promote judicial economy, id. at 256. These factors must be incorporated in the court's ultimate calculus in which it weighs "the benefit and hardship" of staying the proceeding. See id. at 259.

After careful consideration of the Landis factors, the court concludes that Liverpool's request should be denied. Liverpool fails to provide justification for staying the proceeding other than stating that it would "obviate the need to litigate this case." However, since the filing of Liverpool's motion, the Bureau determined that J.B. Hunt is the statutory employer of Idries and is therefore liable for the determined liability. (Doc. 21, Ex. A, at 22). The decision also stated: "This order is without prejudice to the contractual rights . . . of J.B. Hunt . . . against Liverpool." (Id.). Accordingly, resolution of the two compensation claims will not resolve J.B. Hunt's breach of contract claim nor will it automatically provide J.B. Hunt with a right of recovery against Liverpool.

The court also concludes that moving forward with the instant matter will simplify the issues in this case and promote judicial economy. The court's findings concerning the Agreement and the indemnification remedy provided by Section 302(a) of the Workers' Compensation Act will ultimately determine who bears liability for the compensation benefits. Moreover, moving forward with the instant matter will resolve all other issues concerning damages arising from the alleged breach of contract claim.

Finally, the court finds that J.B. Hunt would be prejudiced should the court grant the motion to stay the action. At present, J.B. Hunt is required to pay the determined liability in the workers' compensation claim filed by Idries. (Doc. 21, Ex. A, at 21-22). By contrast, Liverpool does not bear any liability for either of the workers' compensation claims. Liverpool has not demonstrated "a clear case of hardship or inequity" in moving forward. Landis, 299 U.S. at 255. All of these considerations conclusively weigh against the issuance of a stay.

## IV.   Conclusion

For the foregoing reasons, Liverpool's Motion to Remand to State Court or to Stay the Action (Doc. 16) will be denied. An appropriate order follows.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       June 7, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.B. HUNT TRANSPORT, INC.,** | : | **CIVIL ACTION NO. 1:11-CV-1751** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LIVERPOOL TRUCKING COMPANY, INC.,** | : | |
| **Defendant.** | : | |

## **ORDER**

AND NOW, this 7th day of June, 2012, upon consideration of the Motion to Remand to State Court or to Stay the Action (Doc. 16), filed by defendant Liverpool, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 16) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge