# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.B. HUNT TRANSPORT, INC., | : CIVIL No. 1:11-CV-1751 |
| Plaintiff, | : |
| v. | : (Judge Conner) |
| LIVERPOOL TRUCKING COMPANY, INC.; SHAMSHER NAGRA d/b/a LIVERPOOL TRUCKING COMPANY, INC.; SHAMSHER NAGRA; AND FUEL CITY TRUCK STOP, INC. | : (Magistrate Carlson) |
| Defendants. | : |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

This case, which comes before us on a motion to dismiss, asks us to apply a highly fact-specific legal doctrine relating to piercing the corporate veil, at a stage of the proceedings where our inquiry is limited to an assessment of the allegations set forth in a complaint.

J.B. Hunt Transport, Inc. ("J.B.Hunt" or "Plaintiff") initiated this action by filing a complaint on September 20, 2011, alleging that defendant, Liverpool Trucking Company, Inc. ("Liverpool") breached an Outsource Carrier Agreement executed

between plaintiff and Liverpool by failing to indemnify J.B. Hunt for money paid relating to a worker's compensation claim. On December 15, 2011, plaintiff filed its first amended complaint, adding a second instance where J.B. Hunt was forced to pay a worker's compensation claim for which it sought indemnification. Plaintiff, on October 12, 2012, filed a second amended complaint adding as defendants Shamsher Nagra d/b/a Liverpool Trucking, Inc.[1] ("Nagra d/b/a Liverpool"), Shamsher Nagra ("Nagra"), and Fuel City Truck Stop, Inc. ("Fuel City" and collectively "Defendants").

Now pending before this court are motions from defendants Nagra d/b/a Liverpool, Nagra and Fuel City, to dismiss the second amended complaint for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This court will address the motions together as they are substantially related.

The motions have been fully briefed and have been assigned to the undersigned for the purposes of issuing this report and recommended disposition. For the reasons that follow, we find that the plaintiff has failed to plead its claims adequately under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's accusations amount to

---

[1] While Liverpool Trucking Company, Inc. is a registered corporation in the state of Pennsylvania, there is no registered entity of Shamsher Nagra d/b/a Liverpool Trucking Company, Inc. Further, there are not any fictitious names listed in affiliation with Liverpool Trucking Company, Inc.

nothing more than a recitation of the elements for the particular causes of action he asserts. As such, we recommend that the court grant defendants' motions to dismiss. We further recommend that these motions be dismissed without prejudice so that J.B. Hunt may amend its complaint in order to allege facts to support the legal conclusions that they have already set forth.

## II. BACKGROUND

J.B. Hunt Transport, Inc. is a Georgia corporation with its principal place of business in Arkansas. J.B. Hunt entered into a contract with Liverpool Truck Company, Inc., a Pennsylvania corporation with its principal place of business in Liverpool, Pennsylvania, which obligated Liverpool to supply certain outsourced transportation services for the plaintiff by way of an Outsource Carrier Agreement (OCA). (Doc. 41, Sec. Amend. Compl. ¶¶ 1, 2, 9.) Pursuant to the OCA, which was signed on behalf of Liverpool by Jasbir Nagra[2] in her capacity as manager, Liverpool would serve as an independent contractor. (Doc. 41, Sec. Amend. Compl. ¶¶ 10, 11.) The contract expressly disclaimed the creation of an employer/employee relationship

---

[2] Jasbir Nagra is named in the second amended complaint (Doc. 41, ¶ 5) as "an adult individual who is the president/owner of Fuel City Truck Stop, Inc." She is not listed in the caption as a defendant nor is she named as a defendant in the second amended complaint, and there are no direct allegations made against her. Therefore, we do not find that she has been named a defendant.

between Liverpool and J.B. Hunt. (Doc. 41, Sec. Amend. Compl. ¶ 11.) As such, Liverpool was responsible for the supervision of, and liability associated with all personnel, contractors, subcontractors and other agents whom Liverpool utilized in providing the services contracted for in the OCA. (Doc. 41, Sec. Amend. Compl. ¶ 12.)

According to the OCA, Liverpool was required to carry and maintain worker's compensation insurance and coverage for persons engaged in the performance of transportation services under the OCA. As part of the OCA, Liverpool agreed to indemnify and hold harmless J.B. Hunt from "any fines, costs, penalties, liabilities and claims of every kind...on account of bodily injury to persons rising out of, or in connection with, the transportation of property under the [OCA.]" (Doc. 41, Sec. Amend. Compl. ¶¶ 13, 14.) This obligation could not be limited in any way based on any immunity provision available under applicable worker's compensation acts. (Doc. 41, Sec. Amend. Compl. ¶14.)

On the same day that she signed the OCA, Jasbir Nagra executed a Hold Harmless Covenant between Liverpool and J.B. Hunt. (Doc. 41, Sec. Amend. Compl. ¶ 15.) By executing this document, Liverpool assumed "full and complete responsibility for compensation of any and all work-related injury occurring to any of its personnel during the term of the [OCA]." Doc. 41, Sec. Amend. Compl. ¶ 17.)

Had this covenant not been executed, Liverpool would not have been required to carry worker's compensation insurance, as the company was exempt under state law. (Doc. 41, Sec. Amend. Compl. ¶16.)

On or about August 16, 2010, Awad Idries was driving a truck for Liverpool and completed two deliveries to J.B. Hunt customers pursuant to the OCA. (Doc. 41, Sec. Amend. Compl. ¶ 18.) While driving that day Indries was involved in a serious motor vehicle accident, which resulted in the loss of his left arm. (Doc. 41, Sec. Amend. Compl. ¶ 19.) Indries filed a petition with the Commonwealth of Pennsylvania Bureau of Worker's Compensation. (Doc. 41, Sec. Amend. Compl. ¶ 20.) In this petition Indries sought worker's compensation benefits for the injuries he sustained in the motor vehicle accident, claiming J.B. Hunt as his employer at the time of the accident. (Doc. 41, Sec. Amend. Compl. ¶ 20.)

Then, on or about May 14, 2011, Dane Marritt injured himself in a motor vehicle accident while driving a truck for Liverpool pursuant to the OCA, while making deliveries to J.B. Hunt customers. (Doc. 41, Sec. Amend. Compl. ¶¶ 21, 22.) Merritt suffered injuries to the cervical, thoracic and lumbar spine, he also suffered from a concussion, headaches and facial contusions. (Doc. 41, Sec. Amend. Compl. ¶ 22.) Merritt filed a petition with the Bureau of Worker's Compensation seeking benefits as a result of these injuries on or about June 9, 2011. (Doc. 41, Sec. Amend.

Compl. ¶ 23.) Subsequently, Liverpool filed a petition for joinder of an additional defendant claiming that J.B. Hunt, not Liverpool, was the statutory employer of Merritt at the time of his motor vehicle accident pursuant to Section 302(a) of the Pennsylvania Worker's Compensation Act, codified at 77 P.S. § 501. (Doc. 41, Sec. Amend. Compl. ¶ 24.)

Plaintiff asserts several theories on which it predicates that even though the named defendants other than Liverpool are not party to the OCA, they can nevertheless be named as defendants in the case against Liverpool. First J.B. Hunt attempts to pierce the corporate veil of Liverpool alleging that the corporation failed to adhere to statutorily mandated corporate formalities, the corporation's assets were intermingled with the assets of Shamsher Nagra, Jasbir Nagra and Fuel City, and that Liverpool was undercapitalized for its corporate purpose and activities. (Doc. 41, Sec. Amend. Compl. ¶¶ 40-42.) Next, J.B. Hunt alleges that Liverpool and Fuel City acted as a single entity even though they are two separate and distinct corporate entities. (Doc. 41, Sec. Amend. Compl. ¶¶ 45, 48.) Finally, plaintiff asserts, in the alternative, that Liverpool and Fuel City acted in a joint venture, and as such should be added to the case. (Doc. 41, Sec. Amend. Compl. ¶ 54.) Defendants counter by asserting that J.B. Hunt fails to plead adequately in their complaint anything more than a mere recitation of the elements of the causes of action asserted in the complaint, and do not

6

allege facts which would justify causes of action based upon a piercing of the corporate veil. (Doc. 58, Def. Brief at 4, 5; Doc. 59, Def. Brief at 3.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. *Id.* at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Phillips v. County of Allegheny*, 515

F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also, U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. **DISCUSSION**

Initially, J.B. Hunt filed suit only against Liverpool Tucking Company, Inc., but in plaintiff's second amended complaint, plaintiff added three new defendants: Shamsher Nagra d/b/a Liverpool Trucking Company, Inc.; Shamsher Nagra, in his individual capacity, and Fuel City Truck Stop, Inc. The joining of these defendants is predicated on the assertion that Shamsher Nagra and his wife Jasbir Nagra, who are the owners and sole shareholders of Liverpool and Fuel City respectively, did not conform to corporate formalities, intermingled personal and corporate funds between the two entities and, in essence, each corporation acted as the alter ego of the other. In legal parlance, the plaintiff seeks to "pierce the corporate veil" in order to implicate these three defendants in an action that would otherwise be between J.B. Hunt and Liverpool - the actual parties to the OCA.

Courts do not lightly entertain requests to set aside corporate structures and pierce the corporate veil. Quite the contrary, courts have found corporate veil piercing to be appropriate only "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime," *Pearson v. Component Tech. Corp.,* 247 F.3d 471, 484-85 (3d Cir. 2001) (quoting *Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir. 1967)), or when "the parent so dominated the subsidiary that it had no separate existence[.]" *Id.*

9

(quoting *New Jersey Dep't of Envtl. Prot. v. Ventron Corp.,* 468 A.2d 150, 164 (N.J. 1983)). Veil piercing is not a remedy to be taken lightly, but should only be used as an "<u>extraordinary</u> equitable remedy." *Shenango, Inc. v. American Coal Sales Co.*, No. 6-149, 2007 WL 2310869 at *3(W.D. Pa. Aug. 9, 2007) (emphasis added). The Third Circuit has enumerated eight non-conjunctive factors to analyze when determining if the corporate veil can be pierced:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stakeholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stakeholder.

*Pearson,* 247 F.3d at 484-85.

As this recitation reveals, the task of piercing the corporate veil often entails an intensely fact-specific inquiry, an inquiry that is particularly ill-suited for resolution in favor of parties at the outset of litigation, when our review is cabined and confined to well-pleaded allegations. District courts are to use a two- part analysis when dealing with motions to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The first step the court must take is separate the facts in the complaint from the legal conclusions, and while all facts must be taken as true, the legal elements and conclusions may be disregarded. *Id.*

After this separation the court must decide if the facts, taken as true, show a "plausible claim for relief." *Id.*

In the instant case, the averments in the complaint, standing alone, do not permit us to pierce the corporate veil. The complaint states that, *inter alia*, Liverpool did not comply with corporate formalities, intermingled funds and was undercapitalized, but J.B. Hunt fails to plead any facts to support a single one of these conclusions. (Doc. 41, Sec. Amend. Compl. ¶¶ 40-42.) These allegations are, thus, little more than legal conclusions cloaked as factual allegations, and represent a mere recitation of the elements for piercing the corporate veil. This is a form of pleading which has consistently been found to be inadequate to justify claims that pierce the corporate veil and hold individuals liable for corporate obligations. As such, this count should be dismissed with respect to all of the moving defendants. *See, e.g., Patroski v. Ridge;* No. 11-105, 2011 WL 4955274 (W.D. Pa. 2011) (count dismissed when complainant "provided little or nothing in the way of factual allegations to support her contention that liability should be imposed...to pierce the veil."); *Essex Insurance Co. v. Miles*, No. 10-3598, 2010 WL 5069871 (E.D. Pa. December 3, 2010) (holding that averments based on information and belief that the defendants "failed to observe corporate formalities, intermingled funds, used corporate property for personal expenses, left [the company] grossly undercapitalized, and used [the company] as a

'facade' or 'alterego[,]'" was "merely a 'formulaic recitation of the elements of a cause of action' for piecing the corporate veil."); *Preferred Real Estate Investments, LLC v. Lucent Technologies, Inc.*, No. 07-5374, 2009 WL 1748954, (D.N.J. June 19, 2009) (dismissing count to pierce the corporate veil when complainant alleged common ownership, common principal place of business, common email addresses, common corporate letterhead, and funds of principals of one company were used to make payments to the other company.); *Shenango, Inc.,* 2007 WL 2310869(W.D. Pa. Aug. 9, 2007) (motion to dismiss granted where complainant alleged "on information and belief" various factors that have been identified as elements to the cause of action but failed to specify any particular facts that have lead to these conclusion). *Lumax Indus., Inc. v. Aultman*, 669A.2d 893, 895 (Pa. 1995) (finding that in order to withstand a motion to dismiss, the pleader must state what the defendant allegedly did that would bring his actions within the parameters of a cause of action based on a theory of piercing the corporate veil).

In sum, we find that the claims brought pursuant to the single-entity theory and the joint venture, as presently alleged, fail to plead sufficient specific facts to state a claim, for the same reasons that the veil piercing claim fails. The second amended complaint is, in essence, little more than a list of elements of the particular causes of action alleged with the newly named defendants woven in. Since the second amended

complaint lacks any suitable facts to support these counts, we find that there is not a claim for which the court could grant relief. Therefore, the single-entity theory count and the joint venture count should be dismissed for all moving defendants.

Recognizing that veil piercing is appropriate only "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime," *Pearson v. Component Tech. Corp.,* 247 F.3d 471, 484-85 (3d Cir. 2001) (quoting *Zubik v. Zubik,* 384 F.2d 267, 272 (3d Cir. 1967)), we conclude that since none of the moving parties were party to the OCA between J.B. Hunt and Liverpool, and J.B. Hunt has not yet pled sufficient facts to plausibly allege that these moving parties could be liable on the claims in this case in either a joint venture, single entity theory or corporate veil piercing situation, the counts in the second amended complaint alleged against the moving defendants should be dismissed. However, we believe it is possible that in the course of litigation with the lone remaining defendant, Liverpool Trucking Company, Inc., that the plaintiff could learn of facts that would enable them to adequately plead counts against the moving defendants by piercing the corporate veil, under a single-entity theory, or alleging a joint venture. We thus believe that it would be improper to preclude J.B. Hunt from bringing these claims at such a time when the appropriate facts are ascertained. Therefore, the second amended complaint should

be dismissed without prejudice and leave should be granted to the plaintiff so that it may amend this complaint against the moving defendants in the future to comply with Rule 8 of the Federal Rules of Civil Procedure in light of the interpretations by *Twombly* and *Iqbal* if it develops evidence which would support piercing the corporate veil based upon:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stakeholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stakeholder.

*Pearson,* 247 F.3d at 484-85.

## V. **RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT defendants' motion to dismiss plaintiff's second amended complaint (Doc. 41.) be GRANTED and the second amended complaint be dismissed, as pertaining to the moving defendants, for failure to state a claim upon which relief could be granted, without prejudice. It is further recommended, that the plaintiff be granted leave to amend the complaint at such a time when plaintiff has the requisite facts which lead him to his conclusions of law that he states in his second amended complaint.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days of being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                *s/Martin C. Carlson*
                                                Martin C. Carlson
                                                United States Magistrate Judge

Dated: April 5, 2013